Luis A. **RODRIGUEZ** et al.

v.

Lewis S. **TAYLOR** et al.

Civ. A. No. 75–1738.

United States District Court,
E. D. Pennsylvania.

Sept. 2, 1976.

Andrew F. Erba, Community Legal Services, Inc., Philadelphia, Pa., for plaintiff.

Mark B. Frost, Asst. City Sol., Philadelphia Prisons, Philadelphia, Pa., for defendants.

## FINDINGS OF FACT and CONCLUSIONS OF LAW

VanARTSDALEN, District Judge.

### I.

### FINDINGS OF FACT

1. Luis A. Rodriguez on December 23, 1974, filed an application for employment with the City of Philadelphia for the position of Security Officer I. The application was rejected and Luis A. Rodriguez was not permitted to take the competitive examination that was conducted by the City of Philadelphia for such position, solely because Luis A. Rodriguez was "over maximum age" for being hired.

2. The City of Philadelphia from 1966 and continuously thereafter has maintained an inflexible requirement and policy that applicants for the position of Security Officer I must be less than 41 years of age, in order to be permitted to take the competitive examination for the position, and to be originally hired by the City of Philadelphia as a Security Officer I. This age restriction was promulgated by the City Personnel Office of the City of Philadelphia in conjunction with City Departments and was approved by the City's Civil Service Commission.

3. The City of Philadelphia does not require an applicant for the position of Security Officer I to present or obtain any medical certification prior to or as a requisite for filing an application for such employment, or for qualifying to take the competitive examination.

4. The City of Philadelphia employs approximately 48 security officers; the median age is approximately 39 years, and approximately 15 are over the age of 41 years. Those who have been hired as Security Officer I are not discharged, nor are they required to retire, resign, or accept other job assignments or classifications after becoming 41 years of age. Of those security

officers presently employed by the City of Philadelphia who are over 41 years old, the duties and work to which they are assigned are being satisfactorily performed by them and are the same or not significantly different from the duties assigned to those security officers who are under 41 years of age.

5. All of the work and duties of a Security Officer I, based on the job qualifications and description published by the City of Philadelphia (Exhibit R 11) and from actual past experience, can be safely and satisfactorily performed by a person over the age of 41 years who is in good physical health and of normal physical strength.

6. Inexpensive tests can be devised which can accurately determine whether a particular individual over the age of 41 years will be able from a physical and mental standpoint to perform satisfactorily all of the duties and tasks which may be assigned to a Security Officer I.

7. The City of Philadelphia has made no job task analysis and has undertaken no studies to determine the extent and frequency of physical and mental effort and stress required or anticipated in the performance of the duties of a Security Officer I. The City of Philadelphia has made no objective analysis, and has relied upon no statistical or scientific studies to establish its contention that the 41 year maximum age requirement for being initially hired as a Security Officer I is a bona fide occupational qualification, reasonably necessary to the normal operation of the city government.

8. The duties of Security Officer I primarily involve policing the facilities of the Philadelphia General Hospital and the Water Department.

9. Luis A. Rodriguez was born on December 12, 1928 (Exhibit P–8). Both at the time of the filing of the application and the time of the trial he was strong physically and in good health. He has had extensive experience in security guard work and duties, and is presently so employed, part-time at the rectory of St. Peter's Roman Catholic Church, 5th and Girard Avenue, Philadelphia, Pennsylvania. He has taken and completed the training course conducted at the Philadelphia Police Academy in connection with qualifying for and obtaining a Private Patrolman's license pursuant to the laws of the Commonwealth of Pennsylvania. The said training course is likewise required of Security Officers I. He is also presently an active enlisted soldier in the Pennsylvania National Guard and participates in the regularly scheduled training exercises and summer camp training. He does however, receive a non-service connected Veterans Administration disability pension for a back condition, but this does not interfere with his ability to perform heavy physical labor. He regularly engages in personal physical exercises such as weight lifting and calisthenics. The present state of his physical strength and capacity for hard physical labor (based on both testimony and personal observation in court) exceeds that of many healthy men who are under 40 years of age.

10. Although on a statistical average persons who are 40 years of age or over are not as physically strong nor as physically quick in movement and reaction time as persons who are under 40 years of age, there are many persons over 40 years of age who are physically stronger and quicker than many persons under 40 years of age. Most persons, as individuals, reach their maximum physical strength and capabilities at approximately age 25 and thereafter gradually decline. However, the rapidity of decline varies among individuals, as does the maximum physical strength and capabilities, and with proper exercise and practice it is possible for an individual to have strength and physical alertness over the age of 40 superior to that which the individual had at the normal age of maximum capability.

11. Hiring and/or retaining persons over the age of 41 years as Security Officers I by the City of Philadelphia will in no way endanger such employees, the efficiency of the city government operation, or the public safety, provided proper physical, medical and mental objective standards based on factors other than age are applied.

Such standards, based on factors other than age, would provide a greater degree of safety and efficiency than would any standard based solely on age.

12. The United States Government has no requirement that would preclude hiring and employment by the United States in job classifications having duties similar to that of Security Officer I of persons between the ages of 40 and 65.

13. The City of Philadelphia's maximum age requirement of 41 years for initial hiring and employment on a Security Officer I is not a bona fide occupational qualification, and it is not reasonably necessary to the normal operation of the city government or any of its departments or agencies.

14. Luis A. Rodriguez has complied with all statutory and administrative requirements prerequisite to filing and maintaining this action.

15. The last examination for Security Officer I was conducted by the City of Philadelphia on or about February 27, 1975, and the first person hired as a Security Officer I by the City of Philadelphia subsequent to the rejection of the application of Luis A. Rodriguez was June 2, 1975. Additional persons have been employed as Security Officer I subsequent to June 2, 1975.

16. The salary of a Security Officer I commences at $11,275.00, and the maximum for such position is $12,303.00.

## II.

## CONCLUSIONS OF LAW

1. The court has jurisdiction of the subject-matter and the parties, and venue is proper in the Eastern District of Pennsylvania.

2. The City of Philadelphia, by its policy of rejecting applications, refusing to permit applicants to take the competitive examinations, and refusing to hire any person over the age of 41 years as a Security Officer I violates section 4(a)(1) of the "Age Discrimination in Employment Act," Act of December 15, 1967, Pub.L. 90–202, 81 Stat. 603, 29 U.S.C. § 623(a)(1).

3. The requirement that an applicant for the position of Security Officer I be under the age of 41 years is not a bona fide occupational qualification reasonably necessary to the normal operation of the city government.

4. The City of Philadelphia refused to hire and otherwise discriminated against Luis A. Rodriguez individually and the plaintiff class in respect to employment as a Security Officer I because of the age of Luis A. Rodriguez individually and the age of all members of the plaintiff class in violation of section 4(a)(1) of the "Age Discrimination in Employment Act," Act of December 15, 1967, Pub.L. 90–202, 81 Stat. 603, 29 U.S.C. § 623(a)(1).

5. The plaintiff class and Luis A. Rodriguez individually are entitled to injunctive relief.

6. Luis A. Rodriguez is entitled to an award in accordance with section 7(b) of the "Age Discrimination in Employment Act," Act of December 15, 1967, Pub.L. 90–202, 81 Stat. 603, 29 U.S.C. § 626(b). The amount owing as a result of the violation is deemed to be the unpaid minimum wage of $11,275 per annum calculated from June 2, 1975 (the date the first person was hired for the job subsequent to rejection of the application of Luis A. Rodriguez), to August 12, 1976 (the date of the entry of the award by oral order of the court).

7. The violation of the Act by the City of Philadelphia was willful.

8. Luis A. Rodriguez is entitled to liquidated damages in an amount equal to the award of the unpaid minimum wage.

9. Luis A. Rodriguez, having proved the violation, is not required to prove that "but for" the violation he would have been hired in order to be entitled to an award of money both as an "amount owing" to him and as liquidated damages.

## SUPPLEMENTAL FINAL ORDER

AND NOW, this 2nd day of September, 1976, in accordance with findings of fact, conclusions of law, decision and order of the court entered orally in open court on Au-

gust 12, 1976 at the conclusion of the trial on the merits, and as supplemented by written findings of fact and conclusions of law to be filed herewith, it is ORDERED and DECREED as follows:

1. The refusal of the City of Philadelphia to hire anyone as Security Officer I who is 41 years of age or older, and to reject all applications for such position by such persons on account of the age of such applicants, and to prohibit such applicants from taking the competitive examination for such positions because of the age of such persons, violates the express provisions of 29 U.S.C. § 623(a)(1), being section 4(a)(1) of the Act of December 15, 1967, Pub.L. 90–202, 81 Stat. 603, commonly called the "Age Discrimination in Employment Act."

2. The City of Philadelphia and the individual defendants jointly and severally and in their official capacities are permanently restrained and enjoined from henceforth rejecting any application and/or prohibiting any applicant from taking the required competitive examination for the position of Security Officer I with the City of Philadelphia because of the age of any such applicant who is at least 40 years old and less than 65 years old. This shall not prevent establishment of bona fide job related physical and mental qualifications and tests based on standards other than age, nor prevent age qualifications wherein the minimum age is less than 40 years and the maximum age is 65 years or older.

3. Prior to the City of Philadelphia hiring any additional person or persons as Security Officer I (excepting only the named plaintiff, Luis A. Rodriguez, as hereinafter set forth), the City of Philadelphia shall:

(a) receive, during a reasonable period of time, applications for the position of Security Officer I;

(b) conduct a new competitive examination, containing no age qualification inconsistent with this order; and

(c) give adequate and proper public notice, including utilization of the local public news media that applications will be received and a competitive examination held, and that no person, who is at least 40 years of age and less than 65 years shall be disqualified or scored at a competitive disadvantage because of age.

4. Luis A. Rodriguez shall be afforded the opportunity to take the examination for Security Officer I that was held in February, 1975, within 90 days from this date, the examination to be scored and the test or tests administered the same as if he had been permitted to take the examination when it was held in February, 1975, provided no score or qualification solely because of age shall be calculated. Should he take the examination and receive a score such that under the City of Philadelphia procedures he would have been hired, except for his age as a Security Officer I at sometime between February, 1975 and August 12, 1976 in preference to some other person who was so hired, he shall be forthwith hired as a Security Officer I, with seniority and promotion rights, pension, retirement and similar employee benefits retroactive to the date he would have been hired, and with salary retroactive to August 12, 1976.

5. Luis A. Rodriguez is awarded, in accordance with section 7 of the Age Discrimination in Employment Act, 29 U.S.C. § 626(b) as the amount owing to him as a result of the violation of said Act by the City of Philadelphia, the sum of $13,768.70 (calculated on an annual minimum salary of $11,275 from June 2, 1975 to August 12, 1976—63½ weeks at $216.83 per week), plus an equal sum of $13,768.70 as liquidated damages for the willful violation of the Act. Judgment shall forthwith be entered in FAVOR of Luis A. Rodriguez and AGAINST the City of Philadelphia in the sum of Twenty-seven Thousand, Five Hundred Thirty-seven Dollars and Forty Cents ($27,-537.40).

6. Defendants shall pay the costs of this proceeding and counsel fees to plaintiff's counsel.

7. Jurisdiction of this action and over the parties shall be retained for the purposes of enforcing this order and to enter such further and additional orders as may be appropriate.